CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JAN 21 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRED LEWIS WILSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00638 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SGT. B. COLLINS, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

This matter is before the court, among other things, on plaintiff's motion for injunctive relief to obtain a transfer (Dkt. No. 75). In an abundance of caution, the court liberally construes this motion as seeking interlocutory injunctive relief. The motion must be denied, however, for lack of cause shown.

Plaintiff alleges that he fears for his well being if he remains at Red Onion State Prison, based on several alleged incidents of "reprisals: being denied showers or recreation, being ignored when he found sharp pieces of plexiglass broken off shower doors, being denied access to adequate legal materials, being denied dental treatment, having emergency grievances destroyed, being placed in a segregation cell next to a member of the "Blood Gang" whom plaintiff "turned in to Roanoke City vice in 2006 for threats on [his] family's life and pushing drugs," having legal mail read outside his presence, having legal materials confiscated, being verbally threatened and called names, and having to wear a dirty spit mask. Plaintiff asserts, without alleging any facts in support, that these adverse actions have been taken against him because unidentified officers have heard about his pending lawsuit against officials from Wallens Ridge State Prison, have become "resentful," and have conspired to interfere with his litigation efforts through these actions.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) an injunction is in the public interest." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., ___ U.S. ___, 129 S. Ct. 365 (2008)). "Winter articulates four requirements, each of which must be satisfied as articulated" before interlocutory injunctive relief is warranted. Id. at 347.

Plaintiff's conclusory assertions that he fears for his safety and well being are simply not sufficient to establish any likelihood of irreparable harm without court intervention. Plaintiff does not allege how the majority of his complaints relates directly to his health or safety, let alone how they threaten him with imminent or irreparable harm. He alleges that delayed dental treatment has caused him to suffer chronic pain. Court records reflect, however, that he raised these claims in another civil rights action, Case No. 7:09CV00325, which was summarily dismissed for failure to state a claim. While he alleges fear of harm from the Blood gang member, he alleges no facts indicating that he has requested protection from this inmate or that prison officials are otherwise aware of any specific risk posed by housing these two inmates in the same area of the prison. As plaintiff's allegations fail to demonstrate any likelihood that he will suffer irreparable harm in the absence of interlocutory relief directing a transfer, he cannot satisfy all four factors of the Winter test.

Based on the foregoing, the court concludes that Wilson's motion for interlocutory relief must be denied.[1] An appropriate order will issue this day.

The Clerk is directed to send a copy of this order to plaintiff and to counsel of record for the defendants.

ENTER: This 21st day of January, 2010.

_____
United States District Judge

---

[1] Moreover, Wilson's conclusory allegations that officers took various adverse actions against him in retaliation for his pursuit of this lawsuit are insufficient to state any actionable claim under § 1983. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (finding that inmate must present more than conclusory allegations of retaliation). Wilson fails to allege facts connecting the adverse actions to his lawsuit or demonstrating specific harm to his litigation efforts. Accordingly, the court will not construe this submission as a motion to amend the complaint to raise a claim of retaliation against anyone.